UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

EDWIN MULLIGAN,

                              Petitioner,        **No. 6:15-cv-06502-MAT**
                                                 **DECISION AND ORDER**

          -vs-

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

                              Respondent.

———————————————————————

**BACKGROUND**

Pro se petitioner Edwin Mulligan ("Mulligan" or "Petitioner"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court denied THE request for a writ of habeas corpus, denied a certificate of appealability, and dismissed the petition on October 26, 2016 (Dkt #11). Judgment was entered on October 27, 2016 (Dkt #12).

Mulligan subsequently filed a Motion for Extension of Time to File a Notice of Appeal dated and signed January 25, 2017 (Dkt #13, p. 1 of 5), with an attached Notice of Appeal (Dkt #13, p. 2 of 5), a letter to the Second Circuit Court of Appeals dated January 2, 2017 (Dkt #13, p. 3 of 5), and an enclosure letter to the Clerk of Court of the Western District of New York dated January 28, 2017 (Dkt #13, p. 4 of 5). "Granting Petitioner's pro se motion the liberal interpretation that it is due, see Burgos v. Hopkins,

14 F.3d 787, 790 (2d Cir. 1994), the Court construes Petitioner's motion to be a motion for an extension of time to file a notice of appeal, brought under FED. R. APP. P. 4(a) (5), and in the alternative, a motion to repoen the time to file a notice of appeal, brought under FED. R. APP. P. 4(a)(6)." <u>Trento v. Dennison</u>, No. 05 CIV. 5496 PKC, 2008 WL 400921, at *1 (S.D.N.Y. Feb. 14, 2008). For the following reasons, however, the Court cannot grant relief to Petitioner under either FED. R. APP. P. 4(a)(5) or 4(a)(6).

## DISCUSSION

Very strict timelines circumscribe the district court's ability to grant extensions of time to file notices of appeal. <u>See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.</u>, 116 F.3d 53, 56 (2d Cir. 1997). In a civil case such as Mulligan's petition under 28 U.S.C. § 2254, "the notice of appeal . . . must be filed with the district clerk *within 30 days* after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). The requirements of Federal Rule of Appellate Procedure ("F.R.A.P.") 4(a) are "mandatory and jurisdictional." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 61 (1982) (<u>per</u> <u>curiam</u>) (quotation omitted).

## I.    F.R.A.P. 4(a)(5)

In a civil action in which the United States or its officer or agency is not a party, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the

expiration of the 30-day period in which to file a notice of appeal. See FED. R. APP. P. 4(a)(1)(A), (5)(A)(i). Orders and judgments dismissing an action are to be set forth on separate documents under Federal Rule of Civil Procedure ("F.R.C.P.") 58(a), and are considered entered for the purposes of F.R.A.P. 4(a) when the judgment or order is entered in the civil docket under F.R.C.P. 79(a) and when the earlier of these two events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket under F.R.C.P. 79(a). See FED. R. APP. P. 4(a)(7)(A)(ii). However, a court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within [F.R.A.P.] 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam).

Here, the order dismissing the petition and the judgment in favor of Respondent were both entered, as separate documents, on the Court's civil docket on October 26, 2016, and October 27, 2016, respectively, pursuant to F.R.C.P. 79(a). Petitioner therefore had until 30 days from October 27, 2016, to file his notice of appeal. However, since 30 calendar days ended on November 26, 2016, was a Saturday, Petitioner would have had until Monday, November 28, 2016, to file his notice of appeal in which to file a notice of appeal. See FED. R. APP. P. 26(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the

period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); see also Jones v. Walsh, No. 06 CIV. 225 (JGK), 2008 WL 586270, at *1 (S.D.N.Y. Mar. 4, 2008). Therefore, under F.R.A.P. 4(a)(5)(A)(i), Petitioner had 30 days from November 28, 2016, to file a motion for an extension of time to file a notice of appeal. Thirty days from November 28, 2016, was Wednesday, December 28, 2016.

The Court now must determine the date of filing of Petitioner's motion for an extension of time. Petitioner's motion was received by this Court on January 30, 2017, but his motion was signed and dated January 25, 2017, and the enclosure letter was dated January 28, 2017. The prison mailbox rule, applicable to incarcerated, pro se litigants, has been extended to the filing of notices of appeal by habeas petitioners. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (holding that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified; this "prison mailbox rule" is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court). Here, Petitioner dated his motion on January 25, 2017, but apparently did not mail it until January 28, 2017, at the earliest, since that is the date he signed the enclosure letter to the Clerk of this Court. Therefore, the Court

-4-

finds the date of filing for purposes of the analysis under F.R.A.P. 4(a)(5) is January 28, 2017. Petitioner's motion for an extension of time to file a notice of appeal, filed on January 28, 2017, is untimely by 31 days. Even using January 25, 2017, as the applicable filing date, the instant motion is still untimely by 28 days.

In sum, Petitioner's motion, to the extent it is brought under F.R.A.P. 4(a)(5), is untimely, and the Court lacks the discretion to grant the motion. Cohen, 142 F.3d at 118 (citing, inter alia, Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997) ("Nor is the court authorized to grant a motion that was filed beyond the 30-day extension period [in F.R.A.P. 4(a)(5)].")).

## II. F.R.A.P. 4(a)(6)

F.R.A.P. 4(a)(6) provides in relevant part that

a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

Here, Petitioner does not allege that he did not receive notice under F.R.C.P. 77(d) of the entry of the judgment or order he seeks to appeal. Rather, Petitioner's motion suggests that his delay in filing was due to his ignorance of the procedure for filing a notice of appeal. On the form motion Petitioner filed, where it asks the movant to "[t]ell the Court what the 'excusable neglect/good cause' led to [the] failure to file an appeal within the required number of days[,]" Petitioner states, "Enclosed with order of denial was a letter to the clerk closing the case. The Second Circuit informed me how to appeal. Subsequently, this court sent me the (Filing An Appeal) forms." (Dkt #13, p. 1 of 5).

"A district court lacks the discretion to grant a motion brought under [F.R.A.P.] 4(a)(6) unless all of the requirements listed above have been met." Trento, 2008 WL 400921, at *2 (citing Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994) (per curiam)). Because there is no suggestion that he did not receive notice under F.R.C.P. 77(d) of the entry of the order dismissing his habeas petition or the judgment in favor of the respondent, a necessary requirement, Petitioner cannot avail himself of F.R.C.P. 4(a)(6). Relief under this section must be denied.

-6-

**CONCLUSION**

Petitioner's Motion for Extension of Time to File a Notice of Appeal, which the Court has considered under both F.R.A.P. 4(a)(5) and F.R.A.P. 4(a)(6), is **denied**. Because Petitioner has not made a substantial showing of the denial of a constitutional right with respect to what has been raised in his motion, a certificate of appealability will not issue with respect to the motion. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Lozada v. United States</u>, 107 F.3d 1011, 1016-17 (2d Cir. 1997), <u>abrogated on other grounds by United States v. Perez</u>, 129 F.3d 255 (2d Cir. 1997).

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

DATED:      February 7, 2017
            Rochester, New York